FERNÁNDEZ *v*. ESTATE OF IRIZARRI.

APPEAL from the District Court of Mayaguez.

No. 62.—Decided January 26, 1906.

APPEAL—ORDER DENYING MOTION FOR CONTINUANCE.—An order denying a motion for a continuance and postponement of trial is not an appealable order according to the provisions of section 295 of the Code of Civil Procedure, but as it may be excepted to according to law, it may be considered on an appeal taken from the final judgment rendered in the same action wherein such order is entered.

ID.—NOTICE OF APPEAL SHOULD FORM PART OF TRANSCRIPT OF RECORD.—In the transcript of the record a copy of the notice of appeal should be included, and if it is not so included the appellate court can not consider the appeal, even though both parties agree that the appeal has been taken inasmuch as such an agreement is not legal proof that the appeal was taken.

ID.—DISMISSAL OF APPEAL.—Where a copy of the notice of appeal is not included in the transcript, the appeal may be dismissed.

ID.—RULES OF PROCEDURE—AGREEMENT OF PARTIES.—Rules of procedure are binding upon all of the parties to an action, and the same can not be substituted by special agreement or stipulation between the parties.

The facts are stated in the opinion.
*Messrs. Acuña and Méndez* for appellant.
*Mr. Smith* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 8th of last year José A. Fernández brought an action on behalf of his minor children, José Antonio, Manuel Evaristo, and Benigno Claudio Fernández y Diez, in the District Court of Mayaguez, against the Estate of Mariano Irizarri, composed of his children, Anita, José, Rafael, and Mariana Irizarri, the first named the wife of Pedro Torres,

against the Estate of Carlos Ma. Monsanto, composed of his children, Luis Jacobo, Luis Ludovico, Luisa and Alicia Monsanto; against Francisco Llavat, the assignee of Luisa Monsanto; against Herbert E. Smith, and against the assignee of the latter, James W. Chapman. In his complaint, after stating the facts, the plaintiff prayed:

1. That judgment be rendered declaring null and void the order made on December 23, 1903, by said court in the proceedings instituted by Herbert E. Smith to establish certain facts relating to the loss of three notes made by Mariano Irizarri in favor of Carlos Ma. Monsanto, either the annullment or cancellation, as may seem proper, of the record in the registry of property of the award to the heirs of Carlos M. Monsanto of the mortgage credit constituted in favor of the former by Mariano Irizarri by deed of July 18, 1876, which credit was no longer in force, and the cancellation of all records made subsequently with reference to the said credit.

2. That it also be adjudged that the 2,814.13 *pesos* that Mariano Irizarri had continued to owe Carlos M. Monsanto on the mortgage credit for a larger amount which he had acknowledged in his favor by the said deed of July 18, 1876, had been paid to said Monsanto by the three notes mentioned.

3. That it also be held that by virtue of the remainder of the mortgage credit having been paid in this manner, the entire credit was extinguished, and, consequently, that the record of the mortgage credit was cancelled in law.

4. That the cancellation of the record of said credit in the registry of property be ordered, without prejudice to the heirs of Carlos M. Monsanto, or subsequent assignee, exercising personal rights of action against the proper persons for the collection of said notes or their value.

The defendants in their answer denied the fundamental allegations of the complaint; and May 5th last having been set for the hearing, José A. Fernández, as the representative of his minor children, on that day filed a motion, supported

by affidavit, praying the court for the continuance of the hearing and its postponement to the next term, for the reason that his counsel, Fernando Vázquez, was in the town of Aguadilla and that it was impossible for him to return in time to attend the hearing, and that said counsel had in his possession all the facts and documents· which he intended to introduce in evidence; which documents were necessary and constituted a good cause of action and defense in the case.

Although the motion was made and sworn to on May 5th, the day the hearing was to be had, it was signed under date of the preceding day.

Attorney Herbert E. Smith stated that he did not know that the continuance of the hearing had been requested, but that if the court wished to continue it until the afternoon, he had no objection, and the court consequently, continued the hearing to the hour indicated; and as the plaintiff did not appear, the court made the following order which appears in the stenographic notes submitted to this Supreme Court:

"In view of the provisions of section 32 of the rules governing this court, and considering that the cause alleged by the plaintiff is not sufficient ground for the postponement of this hearing, as requested, to the next turn, which begins next August, the court hereby decrees that a continuance of the hearing will not be granted and much less a postponement."

The hearing having been had on the said 5th of May, the Mayaguez judge rendered judgment which reads as follows:

"District Court of Mayagüez, Porto Rico.—No. 523 Civil. *José A. Fernández, on behalf of his minor children* v. *Herbert E. Smith et al.* Annulment and cancellation. Judgment entered May 16, 1905. On May 5, 1905, this cause came on to be heard in its regular order. The defendant, Attorney Herbert E. Smith, appeared in his own behalf and on behalf of the defendants, but the plaintiff, although duly summoned, did not appear. The court, after having heard the evidence and allegations of the defendant, reserved judgment until this 16th day of May, 1905, and on this day holds that the law and the facts are against the plaintiff, and therefore adjudges

that he recover nothing from the defendants; and that the latter be relieved of any claim under this complaint, with the costs against the plaintiff; and that execution issue against his property for the satisfaction of this judgment.—Isidoro Soto Nussa, judge. Witness: Franco Llavat secretary.

"I certify that the foregoing is a true and faithful copy of the original which appears at folio 125 of Book A of judgments of the court of Mayagüez, dated May 16, 1905.—Franco Llavat, secretary. Fees, $0.40. There is a seal which reads: 'District Court of the Judicial District of Mayagüez, P. R.' "

It does not appear from the transcript of the record that an appeal was taken from this judgment, but it does appear that counsel for the plaintiff took an appeal on May 15th from the order denying the continuance of the trial; but it is to be noted that Attorney Herbert E. Smith has appeared before this court, stating that he did so in the appeal taken by the appellants from the order denying the continuance of the trial and from the final judgment rendered in said proceedings by the District Court of Mayaguez, the appellant also alleging in his brief that the said appeal was taken from that judgment.

In his brief, counsel for the appellant alleges the following grounds in support of the appeal:

1. Violation of section 202 of the Code of Civil Procedure, because the postponement of the hearing having been requested in the manner prescribed in said legal provision, the motion should have been sustained.

2. Violation of the principle of law that no man may be condemned without having had his day in court, because he was denied the opportunity he sought to present his evidence, and he was condemned to abide by the judgment rendered by the court, the costs being taxed against him in addition.

Upon these grounds he prayed for a reversal of the judgment appealed from, and that the proceedings be restored to the condition in which they were when the motion for the continuance of the hearing was filed.

The foregoing facts having been stated, the following points of law arise:

1. Can an appeal be considered and decided which is shown to have been taken by counsel for the plaintiff from the order of the Mayaguez court of May 5th, denying the continuance or postponement of the hearing?

2. Can an appeal be considered and decided which both parties allege the plaintiff took from the final judgment in the action rendered on the 16th of said month of May?

We have no hesitancy in affirming that the order of May 5th is not one of those included in section 295 of the Code of Civil Procedure, and, consequently, an appeal therefrom does not lie; but said decision may, according to section 213 of said Code, be considered as excepted by operation of law and be the subject of consideration and decision at the time of the consideration and decision of the appeal taken from the final judgment rendered in the action in which such order was made.

No appeal appears to have been taken in this case from the final judgment rendered in the proceedings, and, therefore, we find no legal means of discussing the decision denying the continuance of the hearing. We lack jurisdiction therefor because we lack jurisdiction to take cognizance of the final judgment, as it is known that what is accessory follows the condition of that to which it is accessory. And it cannot be argued in refutation hereof that both parties agree that the final judgment has been appealed from, because such agreement of the parties is not legal proof that the appeal was taken. Section 299 of the Code of Civil Procedure provides in its first paragraph:

"In an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case, upon which the appellant relies."

Section 303 of the same Code provides:

"If the appellant fails to furnish the requisite papers, the appeal may be dismissed."

These provisions of the law are clear and specific, and when the law is clear it is not necessary to have recourse to rules of construction.

The rules of procedure are binding upon all parties to action, and they cannot be supplanted by private agreement or consent of the parties.

For the reasons stated, we are of opinion that both the appeal shown to have been taken from the decision of the Mayaguez court of May 5th last, and the other appeal which the parties allege was taken from the final judgment of the 16th of the said month of May, should be dismissed, with the costs against the appellant.

*Dismissed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary, and Wolf concurred.